AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER 513-657-9001

Case No. 1:19MJ-449

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A. Because the government has satisfied the requirements of 18 U.S.C. § 3122, this warrant also constitutes an order under 18 U.S.C. § 3123.

located in the ___Southern___ District of ___Ohio___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B. This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) and 846 | Conspiracy to Possess and Possession with Intent to Distribute a Controlled Substance. |

The application is based on these facts:
See Affidavit in Support of Application for Search Warrant. To ensure technical compliance with 18 U.S.C. 3121-3127, the requested warrant will also function as a pen register order. I thus certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the Drug Enforcement Administration. See 18 U.S.C. 3122(b), 3123(b).

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Mitchell S. Bedard, Special Agent, DEA
Printed name and title

Sworn to before me and signed in my presence.

Date: 6/6/19

_____
Judge's signature

City and state: Cincinnati, Ohio

Hon. Karen L. Litkovitz, U. S. Magistrate Judge
Printed name and title

## AO 106 Attachment

See Affidavit in Support of an Application for a Search Warrant. To ensure technical compliance with the Pen Register Statute, 18 U.S.C. §§ 3121-3127, this warrant also functions as a pen register order. Consistent with the requirement for an application for a pen register order, I certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by The Drug Enforcement Administration. *See* 18 U.S.C. §§ 3122(b), 3123(b).

I declare under penalty of perjury that the foregoing is true and correct.

June 6, 2019
DATE

s/Karl P. Kadon III
KARL P. KADON III #0009324
Assistant United States Attorney

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number **513-657-9001** (the "Target Cell Phone"), whose wireless service provider is AT&T, a wireless provider headquartered at 11760 U.S. Highway 1, North Palm Beach, FL 33408.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of AT&T including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

**I. Information to be Disclosed by the Provider**

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty (30) days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of AT&T, AT&T is required to disclose the Location Information to the government. In addition, AT&T must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of the Target Cell Phone on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

**II. Information to Be Seized by the Government**

All information described above in Section I that constitutes evidence of violations of Title 21 United States Code, Sections 841(a)(1) and 846 involving David KEMP, Joshua HOPGOOD and other known and as-yet unknown individuals.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER **513-657-9001 (AT&T)** | Case No. **1:19MJ-449**<br>**Filed Under Seal** |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Mitchell S. Bedard, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.  I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number **513-657-9001**, (the "**SUBJECT TELEPHONE**"), whose service provider is AT&T, a wireless provider headquartered at 11760 U.S. Highway 1, North Palm Beach, FL 33408. The **SUBJECT TELEPHONE** is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.  Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3123(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3.  I am a Special Agent ("SA") of the Drug Enforcement Administration ("DEA") and have been so employed since November 2017. Prior to being employed with the DEA, I was employed by Butler County, Ohio as a probation officer for over four years. I graduated from the

DEA Basic Agent Academy in May 2018. During the courses of my training, I received instruction in the investigation of offenses involving controlled substances. As a Special Agent of the DEA, my duties and responsibilities include conducting criminal investigations for violations of federal law, particularly those found in Title 21 and Title 18 of the United States Code. As a DEA agent, I have participated in multiple criminal investigations seeking evidence of violations of the Federal Controlled Substances Act (Title 21 of the United States Code).

4. I am currently assigned to the Cincinnati Resident Office of the DEA. Prior to my assignment, I received specialized training from the DEA, including the 18-week Basic Agent Training course. Among other things, this training focused on: methods of unlawful drug trafficking; the identification of controlled substances; surveillance; undercover operations; confidential source management; the means by which drug traffickers derive, launder, and conceal their profits from drug trafficking; the use of assets to facilitate unlawful drug trafficking activity; and the law permitting the forfeiture to the United States of assets purchased with drug proceeds or assets used or intended to be used to facilitate the drug violations.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 21 United States Code, Sections 841(a)(1) and 846 have been committed, are being committed, and will be committed by David KEMP, Joshua HOPGOOD and other as-yet known and unknown individuals. I believe there is probable cause that the **SUBJECT TELEPHONE** is being used in furtherance of the aforementioned crimes and that there is also probable cause to believe that the location of the **SUBJECT TELEPHONE** will constitute evidence of those

criminal violations, and will lead to the identification of individuals who are engaged in the commission of these offenses.

7. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, see 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

8. The United States, including the Drug Enforcement Administration, is conducting a criminal investigation of David KEMP and other as-yet known and unknown individuals regarding possible violations of Title 21 United States Code, Sections 841(a)(1) and 846.

9. In December, 2018, I met with a Cincinnati Police Department confidential source (CS# 2[1]) who told me that KEMP sells fentanyl for approximately $2,600 per ounce. CS# 2 said that during December 2018, KEMP provided CS# 2 with approximately a gram of suspected fentanyl[2] as a "tester." CS# 2 said that KEMP told CS# 2 that it was fentanyl. KEMP also told CS# 2 that KEMP currently had kilogram quantities of fentanyl. CS# 2 described the fentanyl as white with a yellow tint. CS# 2 stated that KEMP currently uses multiple telephone numbers, to include 513-276-0751.

---

[1] CS# 2 has been previously charged with a felony drug-trafficking violation and is cooperating for monetary payment. CS# 2 has previously been able to provide information that has been independently corroborated by law enforcement officers and your affiant considers CS# 2 reliable.

[2] CS# 2 was not expecting KEMP to give CS# 2 fentanyl during their encounter. Unsure of what to do with the fentanyl, CS# 2 discarded the fentanyl. As a result, investigators were not able to submit the suspected fentanyl for analysis.

3

10. On March 12, 2019 the Honorable Stephanie K. Bowman signed a search warrant authorizing the acquisition of precise location information concerning KEMP's telephone 513-276-0751. That same day, I began receiving geo-location information concerning KEMP's telephone 513-276-0751.

11. On March 29, 2019, at approximately 11:13 a.m., geo-location information indicated that KEMP's telephone 513-276-0751 was located within approximately 2,301 meters of the area of 3114 Veazey Avenue, Cincinnati, Ohio. At approximately 11:35 a.m., agents observed an individual briefly meet with the occupants of a silver Nissan SUV with Ohio license plates HQJ2806 in the parking lot of the City Limits Laundry and Tan located at 5262 Crookshank Road, Cincinnati, Ohio. The area of 3114 Veazey Avenue is located within approximately 825 meters of 5262 Crookshank Road. According to the Ohio Bureau of Motor Vehicles, the Nissan was registered to Enterprise Rental Cars. Based on my training and experience, I am aware that drug traffickers often use rental vehicles to distribute controlled substances in order to avoid detection from law enforcement. Officers/agents identified KEMP as the driver and Joshua HOPGOOD as the front passenger. The individual entered the Nissan and then moments later exited the Nissan and departed the area. Based on my training, experience, discussions with other law enforcement officers/agents, I am aware that meetings between drug traffickers to either distribute controlled substances or discuss the future distribution of controlled substances are often very brief. Consequently, I believe that during this meeting, KEMP and HOPGOOD engaged in a drug transaction. Following the meeting, the Nissan departed the area and travelled eastbound through multiple residential neighborhoods.

12. On May 23, 20019, agents learned from Duke Energy that HOPGOOD activated utilities at 2158 Weron Lane, Cincinnati, Ohio on April 23, 2019. According to utility records,

4

HOPGOOD listed **513-657-9001** (the **SUBJECT TELEPHONE**) as his contact telephone number.

13. On May 30, 2019, agents examined the contents of a trash can placed on the curb in front of 2158 Weron Lane, Cincinnati, Ohio. I observed multiple plastic bags with the corners ripped off, commonly referred to as tear-offs. Based on my training and experience, I am aware that drug traffickers often pour controlled substances into the corners of plastic bags and then tear off the corners in order to package the controlled substances for distribution. The tear-offs will be submitted to the Hamilton County Crime Laboratory for analysis to determine if any controlled substances can be detected inside.

14. On May 31, 2019, agents reviewed subscriber records for the **SUBJECT TELPHONE**. The **SUBJECT TELEPHONE** was subscribed on February 10, 2019 to HOPGOOD.

15. Based on my training, experience, discussions with other law enforcement officers/agents, CS#2's statements that KEMP is a source of supply for heroin/fentanyl, my belief that KEMP and HOPGOOD engaged in a drug transaction on March 29, 2019, my knowledge HOPGOOD has utilities in his name at 2158 Weron Lane, Cincinnati, Ohio, my knowledge that HOPGOOD listed the **SUBJECT TELPHONE** as his contact telephone for utilities at 2158 Weron Lane, my knowledge that tear-offs were located in a trash can placed on the curb in front of 2158 Weron Lane, and my knowledge that the **SUBJECT TELPHONE** is subscribed to HOPGOOD, I believe that the location of the **SUBJECT TELEPHONE** will constitute evidence of HOPGOOD's drug trafficking activities.

16. Based on the information set forth in this affidavit, I believe that there is probable cause to believe that **SUBJECT TELEPHONE** is being utilized in ongoing criminal activity, specifically in violation of Title 21 U.S.C. §§ 841 and 846. I believe there is probable cause to

5

obtain the information requested for a period of 30 days and that the information will assist law enforcement in identifying, dismantling and disrupting KEMP's illegal drug dealing activities.

17. In my training and experience, I have learned that AT&T is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. [Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

18. Based on my training and experience, I know that AT&T can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on AT&T's network or with such other reference points as may be reasonably available.

19. Based on my training and experience, I know that AT&T can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1)

6

the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as AT&T typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

20. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

21. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

22. I further request that the Court direct AT&T to disclose to the government any information described in Attachment B that is within the possession, custody, or control of

AT&T for a period of 30 days. I also request that the Court direct AT&T to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of the Target Cell Phone on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

23. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

24. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

*Mitchell S. Bedard*
Mitchell S. Bedard
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on this ___6___ day of June 2019.

*Karen L. Litkovitz*
Hon Karen L. Litkovitz
United States Magistrate Judge

8

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number **513-657-9001** (the "Target Cell Phone"), whose wireless service provider is AT&T, a wireless provider headquartered at 11760 U.S. Highway 1, North Palm Beach, FL 33408.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of AT&T including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

I. **Information to be Disclosed by the Provider**

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty (30) days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of AT&T, AT&T is required to disclose the Location Information to the government. In addition, AT&T must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of the Target Cell Phone on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

II. **Information to Be Seized by the Government**

All information described above in Section I that constitutes evidence of violations of Title 21 United States Code, Sections 841(a)(1) and 846 involving David KEMP, Joshua HOPGOOD and other known and as-yet unknown individuals.